TRAVELERS INSURANCE COMPANY
OF HARTFORD, Plaintiff,

v.

Jessie M. CHILDS, Individually and as
Administrator, Appellant,

and

Jean Childs and Thomas E. Swimp.

No. 177, Docket 24814.

United States Court of Appeals
Second Circuit.

Argued Feb. 11, 1958.

Decided March 5, 1958.

William Sims, Buffalo, N. Y., for appellant.

Herbert Shafer, David Feldman, Buffalo, for appellee.

Before HAND, HINCKS and LUMBARD, Circuit Judges.

PER CURIAM.

We are not altogether sure as to the disposition that Judge Morgan intended to make of this case. His first "finding of fact" was that the insured "was capable of understanding the nature and effect of his acts." Standing alone, that would present to us only the question whether the judge meant that the insured knew that the result of what he did was to change the beneficiary, for the appellant does not argue that any undue influence was exerted. Unless we thought that this finding was "clearly erroneous" —which we do not—that would lead to an affirmance without more. The opinion causes us however some doubt as to the meaning of the "finding." The testimony of one physician, called by the appellant, as to the condition of the insured after he had been admitted to the hospital on March 1st, was that in the witness's opinion the insured "probably did not know what he was doing, though his condition did not indicate a legal incom-

petence." The appellant also called a psychiatrist who, although he had never seen the insured, after examining the hospital records answered a hypothetical question, based upon these and upon assumed facts by saying that the insured had not been able "to comprehend fully the nature of his acts or decisions."

In his opinion based upon the testimony of those witnesses who had been present when the insured signed the transfer, rather than the opinions of the two experts, Judge Morgan quoted the following passage from the opinion of the Appellate Division of the Supreme Court of New York in the case of Shallow v. Carballol, 278 App.Div. 328, 100 N.Y. S.2d 978, affirmed without opinion, 303 N.Y. 827, 104 N.E.2d 372: "Whatever ordinarily may be thought of the worth of medical opinion evidence where it is contradicted by the fact, the fact must prevail." This quotation he followed by saying that he was "bound by this rule of law and hence" was "forced to find that on March 11, 1955, the insured, Eugene Childs, was presumed to be mentally competent to execute a change of beneficiary." We do not understand the language quoted in the opinion of the Appellate Division to lay down any rule of law; but only to decide that on the facts then at bar the testimony of those who were present at the time of the execution of the change in beneficiary was more convincing than any inferences to be drawn from the opinion of the expert witnesses.

The decision by a state court upon an issue of fact is not authoritative as a precedent upon an analogous issue in a district court, even in a "diversity case." The federal court is to decide such issues according to its individual estimate of the persuasiveness of the evidence before it. We cannot agree, therefore, that the judge was "bound" by any "rule of law," and hence was "forced to find that on March 11, 1955, the insured, Eugene Childs, was presumed to be mentally competent to execute a change of beneficiary." It may well be that in fact he personally thought the testimony of the witnesses present at the time more reliable in determining the question than the opinions of the expert witnesses; but that is the only relevant question. The case will therefore be remanded to the District Court with a request to inform us whether the first finding of fact was made upon the judge's personal estimate of the probabilities, without compulsion of any precedent of the state courts.

The judgment is vacated, and the cause remanded for further proceedings in accordance with the foregoing opinion.