**TRAVELERS INSURANCE COMPANY OF HARTFORD, Plaintiff,**

v.

**Jessie M. CHILDS, Individually and as Administrator of the Estate of Eugene Childs, deceased,**

and

**Jean Childs and Thomas E. Swimp, Defendants.**

Civ. A. No. 6740.

United States District Court
W. D. New York.

March 26, 1958.

Adams, Smith, Brown & Starrett, Buffalo, N. Y., for plaintiff.

William Sims, Buffalo, N. Y., for defendant, Jessie M. Childs.

Herbert Shafer, Buffalo, N. Y. (David P. Feldman, Buffalo, N. Y., of counsel), for defendants, Jean Childs and Thomas E. Swimp.

MORGAN, District Judge.

The decision of this court dated May 16, 1956 was appealed to the Court of Appeals, Second Circuit, 252 F.2d 889.

The action is an interpleader action in which the Travelers Insurance Company deposited the sum of $3,000 for payment of life insurance premiums in that amount under policy G10575C issued on September 1, 1956. Under said policy, the Travelers Insurance Company of Hartford on June 28, 1947 covered employees of the National Aniline Division of Allied Chemical and Dye Corporation, certificate No. 625 in the amount of $2,-000. The deceased Eugene Childs was an employee of that corporation and designated Jessie M. Childs, his wife, as beneficiary on the original $2,000 policy. On September 1, 1950, the plaintiff issued a supplement to certificate No. 625 for an additional $1,000 life insurance coverage to Eugene Childs, and he again designated Jessie M. Childs, his wife, as beneficiary. On payment of the $3,000 to the registry of this court, the Travelers Insurance Company was discharged of further liability under said policy and its supplement in the total sum of $3,000.

On March 1, 1955, Eugene Childs was admitted to the Buffalo Veterans Hospital complaining of weakness, shortness of breath and was found to be a diabetic.

The decision of May 16, 1956 is referred to with the same force and effect as if herein set forth at length. After detailing the testimony of two physicians attached to the Veterans Administration Hospital at Buffalo, New York, who testified on behalf of the wife, Jessie M. Childs, that the insured probably did not know what he was doing on March 11, 1955 when he changed the beneficiary to Jean Childs, an illegitimate daughter and Thomas E. Swimp, "her friend", that opinion reviewed lay testimony by John T. Allen, a New York State Veterans Administration counsellor. Mr. Allen testi-

fied that on March 11, 1955, when Eugene Childs effected the change of beneficiary for the entire $3,000, the defendants, Jean Childs and Thomas E. Swimp, were present and after talking with the charge nurse in the forenoon, he left the decedent's room. Later that day, Allen testified that he asked Eugene Childs if he wanted to change the beneficiary to the beneficiaries who were still present and the decedent stated that that was what he wanted to do. It was on the second visit that the change of beneficiary was executed. Mr. Allen testified that the insured was, at this time, not in restraint, was wide awake, and from his personal observation, the insured appeared to be rational.

The court was not impressed by the manner or the testimony of John T. Allen, but felt it was bound under the rule of Shallow v. Carballal, Sup., 100 N.Y.S. 2d 978, reversed 1951, 278 App.Div. 328, 105 N.Y.S.2d 46, affirmed 1952, 303 N.Y. 827, 104 N.E.2d 372. The appeal from our original decision was argued before the United States Court of Appeals for the Second Circuit under date of February 11, 1958 and under docket No. 24814 was decided on March 5, 1958. Thereafter, the mandate of the Circuit Court of Appeals became the order of this court. The per curiam opinion vacated the judgment and remanded the cause for further proceedings in accordance therewith, concluding with this paragraph:

"The decision by a state court upon an issue of fact is not authoritative as a precedent upon an analogous issue in a district court, even in a 'diversity case.' The federal court is to decide such issues according to its individual estimate of the persuasiveness of the evidence before it. We cannot agree, therefore, that the judge was 'bound' by any 'rule of law,' and hence was 'forced to find that on March 11, 1955, the insured, Eugene Childs, was presumed to be mentally competent to execute a change of beneficiary.' It may well be that in fact he personally thought the testimony of the witnesses present at the time more reliable in determining the question than the opinions of the expert witnesses; but that is the only relevant question. The case will therefore be remanded to the District Court with a request to inform us whether the first finding of fact was made upon the judge's personal estimate of the probabilities, without compulsion of any precedent of the state courts." [252 F.2d 890.]

Relieved from the restraint of the Shallow v. Carballol case, supra, this court believed at the time of the trial, and now believes, the testimony of the expert witnesses, rather than the lay witnesses. I therefore find

I. That policy No. G10575C, certificate No. 625 of Travelers Insurance Company of Hartford, was issued to cover the life of Eugene Childs in the sum of $2000 on June 28, 1947.

II. That at the time of the issuance of certificate No. 625 under group life policy No. G10575C, covering employees of the National Aniline Division of Allied Chemical and Dye Corporation, to the deceased, Eugene Childs, he named Jessie M. Childs as beneficiary.

III. That on September 1, 1950, the plaintiff issued a supplement to certificate No. 625 under group life policy No. G10575C for an additional $1,000 life insurance coverage to Eugene Childs, and he again named Jessie M. Childs, his wife, as beneficiary.

IV. That on March 1, 1955, Eugene Childs entered the Buffalo Veterans Administration Hospital and, in the opinion of the doctors, was in a comatose and lethargic condition from the time of entry to the date of his death on April 1, 1955.

V. That on March 11, 1955, decedent Eugene Childs filed a change of beneficiary form on certificate No. 625 revoking any previous designation and directing that the proceeds of the said insurance policy be made payable to Jean Childs (daughter), 6123 South Ada Street, Chicago, Illinois, and Thomas E. Swimp (not related), 80 Northland Avenue, Buffalo,

**202**

New York, "in equal shares, share and share alike."

VI. That the last named change of beneficiary was executed by defendant making an X mark in the presence of one John T. Allen and Arleathea Medearies.

VII. That John T. Allen testified, but Arleathea Medearies did not.

VIII. That the change of beneficiary was received by the employer at New York City on March 15, 1955 and recognized by it.

IX. That Eugene Childs died at the Veterans Administration Hospital, Buffalo, New York, on April 1, 1955.

X. That Dr. Stanley J. Cyran, Jr., attending physician at the Veterans Administration Hospital, testified and expressed the opinion that the insured probably did not know what he was doing on March 11, 1955. Dr. Harvey J. Levy, a psychologist of ten years experience, testified that he familiarized himself with the case and expressed an opinion that the insured would not be of sufficient mental ability to know the nature and quality of his acts on March 11, 1955.

XI. That John T. Allen and Alice Meek, head nurse on the ward where decedent was confined, testified that decedent's condition was confused, but not irrational.

### Conclusions of Law

I. Having observed the witnesses' demeanor on the stand and their individual manner of expressing themselves, and due deliberation having been had, this court is of the opinion that the $3,000 heretofore deposited in the registry of this court by the Travelers Insurance Company of Hartford, being the proceeds of certificate No. 625 under group policy G10575C of Travelers Insurance Company of Hartford covering employees of the National Aniline Division of Allied Chemical & Dye Corporation, should be paid to Jessie M. Childs, the beneficiary designated on June 28, 1947 and on September 1, 1950.

II. That the alleged change of beneficiary claimed to have been executed by the deceased Eugene Childs on March 11, 1955, naming Jean Childs and Thomas E. Swimp as beneficiaries, is null and void and of no force and effect, as having been made by a person who did not know what he was doing, and in the presence, and under the influence, of the alleged new beneficiaries.

It is so ordered. No separate judgment is required.