272 F.2d 855
 TRAVELERS INSURANCE COMPANY, Plaintiff,
v.
Jessie M. CHILDS, Individually, and as Administratrix of the Estate of Eugene Childs, Deceased, Appellee,
Jean Childs and Thomas E. Swimp, Appellants.
 No. 51.
 Docket 25208.
 United States Court of Appeals Second Circuit.
 Argued November 12, 1959.
 Decided December 7, 1959.
 
 David P. Feldman, Herbert Shafer, Buffalo, N. Y., for appellants.
 William Sims, Buffalo, N. Y., for appellee.
 Before HAND, SWAN and LUMBARD, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is an appeal from a judgment of Judge Morgan in an action brought by the insurer to determine the beneficiaries of a policy of life insurance, issued to Eugene Childs, deceased. The plaintiff concedes its liability, but has interpleaded three defendants who claim the fund. One is Jessie M. Childs, the wife and administratrix of the insured and the beneficiary named in the policy; the others are joint claimants — Jean Childs, an illegitimate daughter of the insured, and Thomas E. Swimp, whose relation to the insured is obscure. After the trial Judge Morgan held that the decision of the New York Court of Appeals in Shallow v. Carballal, 278 App.Div. 328, 105 N.Y.S.2d 46, affirmed 303 N.Y. 827, 104 N.E.2d 372, "forced him to find" that the insured "was presumed to be mentally competent to execute a change of beneficiary." On appeal we sent the cause back in order to obtain "the judge's personal estimate" of what the evidence proved (2 Cir., 252 F.2d 889, 890), and he then held that a "change of beneficiary" executed by the insured to Jean Childs and Swimp on March 11, 1955, had been made "by a person who did not know what he was doing, and in the presence, and under the influence, of the alleged beneficiaries"; and he awarded the proceeds of the policy to the administratrix. Jean Childs and Swimp appealed.
 
 
 2
 Both parties appear to suppose that the laws of New York, where the transaction took place, govern the scope of our review and the competency of the evidence, because the jurisdiction of the District Court depended upon diversity of citizenship. It is, however, well settled that both these assumptions are wrong. Rule 43, 28 U.S.C.A., provides that in a "diversity action" not only is evidence competent that would be competent in a state court, but so also is any evidence that would be competent "under the statutes of the United States, or under the rules of evidence heretofore applied in the courts of the United States on hearings in suits in equity." Rule 52(a) limits our review of findings of fact to those we think "clearly erroneous." On the other hand the law of New York does determine the capacity of the insured to change the beneficiary of the policy.
 
 
 3
 On March 1, 1955, he was admitted to a hospital in Buffalo, New York, gravely ill from diabetes, from some kidney disorder and from "cardiac insufficiency." He grew steadily worse and died on April 1, 1955. On March 11 Jean Childs and Swimp visited him in the hospital, and at their request he executed a "change of beneficiaries" in their favor and in substitution for his wife. This he did by making his mark upon a printed form prepared by the insurance company, which the two had fetched with them, and which was witnessed by an employee of the hospital. The administratrix produced a physician attached to the hospital who attended him almost daily, and who testified that "he probably could not have known what he was doing"; and more particularly, that he probably "did not understand the nature of his acts" on March 10, the day before he executed the "change"; but that the witness could not be sure. She also called a psychiatrist who, after consulting the hospital records of the condition of the insured, testified that he was satisfied that a man in the condition these records described could not have comprehended "fully the nature of his acts or decisions." The person who was the witness to the "change" testified on the other hand that to him the insured appeared "rational."
 
 
 4
 It is settled law in New York that the proponent of a testamentary disposition has the burden of proving the mental capacity of the testator. Matter of Morrison's Will, 270 App.Div. 552, 555, 60 N.Y.S.2d 546, affirmed 296 N.Y. 652, 69 N.E.2d 814. Therefore we may not reverse the judgment unless we are satisfied that the claimants, Jean Childs and Swimp, so plainly proved that the insured had the required capacity to change the beneficiary that it was "clearly erroneous" to hold otherwise. Just what is the measure of that capacity the courts have found it impossible to state in general terms, and we shall not try to do so. However, the facts at bar are close enough to those in Matter of Morrison's Will, supra, to make it a guide, if not a precedent. It seems to us too plain for extended discussion that we may not hold that it was "clearly erroneous" to find that the claimants had not carried the burden of proving that the insured had the capacity required to "change" the beneficiary.
 
 
 5
 The appeal seems to rest less upon this critical issue than upon the conduct of the trial. We dismiss at once the charge that the judge unfairly intervened in the conduct of the trial; it is completely without any basis. If the appellants in fact believe, as apparently they do, that a physician who is not a psychiatrist is not competent to give an opinion upon the issue of mental capacity in a federal court, they are clearly mistaken. Connecticut Mutual Life Insurance Co. v. Lathrop, 111 U.S. 612, 619-621, 4 S.Ct. 533, 28 L.Ed. 536; Turner v. American Security and Trust Co., 213 U.S. 257, 260, 29 S.Ct. 420, 53 L.Ed 788; De Bruin v. De Bruin, 90 U.S.App.D.C. 236, 195 F.2d 763. The opinion of Cyran would have been competent, even if he had not been a physician at all. The challenge to the opinion of Levy rests upon the fact he had never seen the insured and had therefore depended upon the hospital records. However, these were plainly competent under § 1732(a) of Title 28, having been made in the regular course of the hospital's business. They are not on file as part of the record on appeal and we have no copies of them; but they apparently not only contained a record of objective facts, but included medical opinion. We do not say that even records of medical opinion are not within § 1732(a), but it is not necessary to decide that question because the judge directed the witness to exclude such entries as a basis for his opinion. Finally, the head nurse of the ward testified that she was not on duty on March 11 and that some notes made that day by another nurse did not refresh her recollection. It is impossible to see how these should have done so as to matters she had never known.
 
 
 6
 Judgment affirmed.