**UNITED STATES of America ex rel. Jose MUNIZ, Petitioner,**

v.

**Hon. Harold W. FOLLETTE, Warden, Green Haven Prison, Stormville, New York, Respondent.**

**No. 68 Civ. 4381.**

United States District Court
S. D. New York.

Feb. 4, 1969.

Jose Muniz, pro se.

Louis J. Lefkowitz, Atty. Gen. of State of New York, New York City, for respondent; Michael Colodner, Deputy Asst. Atty. Gen., of counsel.

## OPINION

EDWARD WEINFELD, District Judge.

Petitioner, now serving a five to seven year sentence at Green Haven state prison for unlawful possession of marijuana, imposed under a judgment of conviction entered upon his plea of guilty, seeks his release upon a writ of habeas corpus upon allegations of violation of his federal constitutional rights.

Petitioner and his wife were indicted jointly upon charges of possession of marijuana with intent to sell, a felony, and possession of cocaine and possession of marijuana, as misdemeanors. Petitioner was also indicted separately for assault in the first degree and possession of a loaded firearm based upon a gun duel with the arresting officer. He pleaded guilty to possession of narcotics as a felony to cover the entire narcotics indictment. When he was sentenced, the assault indictment was dismissed, as were the charges against his wife. At his initial arraignment in the Magistrate's Court, when he was held in bail to await grand jury action, at his arraignment following his indictment, at the entry of his plea of guilty, and at the time of sentence he was represented by an attorney, who also represented him on a federal narcotics charge. (In the Magistrate's Court a representative of the attorney appeared for the defendant.)

Petitioner charges that his plea of guilty was induced by fear that his wife would be prosecuted on the state charges, and if there acquitted she would face federal charges, information allegedly conveyed to him by his attorney; that his attorney gave him misleading information and that he was ineffectively represented by his attorney because of a conflict of interest in representing both petitioner and his wife; also, that the factual basis of his guilty plea was not adequately inquired into by the trial court before its acceptance.

These very allegations upon which the claimed deprivation of constitutional rights is based were advanced by petitioner in a state coram nobis proceeding, at which petitioner and his wife testified. The coram nobis court made findings of fact and denied petitioner's application. Specifically, the court found that the defendant's plea was entered voluntarily and after consultation with his counsel, and that at the time of the entry of the plea the facts relating to the offense were inquired into. The court also found that no evidence was presented that petitioner had received any misleading information from his lawyer; that there was no conflict of interest in the attorney's representing petitioner and his wife, and further that in fact the attorney was one of his choice who had represented him on prior occasions. The denial of petitioner's coram nobis application was affirmed by the Appellate Division, and leave to appeal to the Court of Appeals was denied.

This Court has reviewed the testimony of the coram nobis hearing; also the minutes of the Magistrate's Court proceeding, the minutes of the plea and the minutes of the sentence proceeding. This Court finds that petitioner received a full, fair and adequate hearing in the state court coram nobis proceeding, and that the entire record in the state court proceeding, considered as a whole, fully and fairly supports the factual determination. Indeed, there is no substance to petitioner's contention and upon the record no other result than the dismissal of petitioner's claim was justified.

Petitioner here makes the contention that an assistant district attorney who was in charge of the matter was not called to testify. The assistant district attorney was present at the coram nobis hearing and could readily have been called by petitioner had he desired his testimony or had petitioner's attorney deemed it necessary; further, as to the claim that petitioner's former counsel did not testify at the hearing, the process of the court was fully available to compel his testimony had it been desired. The petitioner was represented in the coram nobis proceeding by competent counsel.

The petition is dismissed.