**Sylvester James THOMAS, Petitioner-Appellant,**

v.

**John W. WINGO, Warden, Respondent-Appellee.**

No. 72–1410.

United States Court of Appeals, Sixth Circuit.

Oct. 16, 1972.

Rehearing Denied Jan. 3, 1973.

Sylvester James Thomas, on brief.

Ed W. Hancock, Atty. Gen. of Kentucky, Frankfort, Ky., Douglas E. Johnson, Special Asst. Atty. Gen., on brief.

Before PECK and McCREE, Circuit Judges, and CECIL, Senior Circuit Judge.

PER CURIAM.

This is an appeal by Sylvester James Thomas, petitioner-appellant, from an order of the United States District Court for the Western District of Kentucky at Louisville, denying his petition for a writ of habeas corpus. Petitioner filed a question and answer form of petition furnished by the Court in which he claimed that he was denied effective assistance of counsel, the right to an appeal and that illegally seized evidence was admitted at the trial.

The petitioner was tried before a jury in the Jefferson Circuit Court at Louisville, found guilty in May, 1956 and sentenced to life imprisonment. He is now confined in the Kentucky State Penitentiary at Eddyville in conformity to that sentence. The petitioner was paroled in 1965 and was out for about a year. His parole was revoked when he got drunk and attempted to rob a liquor store.

Petitioner filed a motion to vacate judgment under Kentucky Rule of Criminal Procedure 11.42 in Jefferson Circuit Court, Criminal Branch, Second Division, and had a hearing thereon on October 9, 1970. This was petitioner's first effort to obtain relief from his judgment of conviction. His motion was denied by the Circuit Court and this denial was affirmed by the Kentucky Court of Appeals. The petitioner was represented by counsel in the Circuit Court and in the Court of Appeals. He was given an evidentiary hearing in the Circuit Court at which he was permitted to be present and testify in his own behalf.

■ The petition filed in the District Court pro se was dismissed without an evidentiary hearing. The district judge had before him, as do we, a complete transcript of the hearing in the Circuit Court, including the judge's decision, and the opinion and order of the Kentucky Court of Appeals. Where there is a full, complete and adequate hearing before the State Court it is not necessary for the District Court to hold an additional evidentiary hearing. This meets the requirements of Townsend v. Sain, 372 U.S. 293, 313, 83 S.Ct. 745, 9 L.Ed.2d 770.

The district judge said,

"We have examined in detail the testimony adduced at the R.C.R. 11.42 hearing as well as the opinion of the Kentucky Court of Appeals and are of the opinion that he was afforded a full and fair hearing on all the issues raised, that they were given thorough consideration, and that the determination of these issues adversely to the petitioner is fairly supported by the record. In this petition he has failed to establish that any of the circumstances enumerated in 28 U.S.C. Section 2254(d)(1)–(8) exist which would require a hearing. Hancock v. Tollett, 447 F.2d 1323 (C.A.6). The petitioner is, therefore, entitled to no relief."

We agree.

■ The real basis of the claim of ineffective assistance of counsel is that counsel did not appeal the conviction. Counsel testified that he talked to his client about an appeal and that he prepared papers for an appeal, but for some reason, which he does not now remember, the appeal was not consummated. For fourteen years, including the time the petitioner was out on parole he never made any inquiry to the court or to his counsel about an appeal. The petitioner has no recollection of why an appeal was not made and he can not now establish neglect on the part of his counsel for not consummating an appeal. He may have consented to no appeal.

■ There is no merit to the claim that evidence obtained by an illegal search was admitted into the record at the trial. The revolver in question was not taken from his person or possession.

Affirmed.

McCREE, Circuit Judge (dissenting).

I respectfully dissent. As the opinion of the court recites, appellant claims

that he was denied the right to an appeal because of ineffective assistance of counsel, and that illegally seized evidence was admitted at the trial. The District Court, in denying his petition, relied upon the record made in a post-conviction hearing conducted pursuant to Kentucky RCr 11.42 in the Jefferson Circuit Court as does the opinion of this court.

I have examined the transcript of that proceeding and I cannot determine therefrom whether the pistol, which appellant claims was illegally seized, was admitted at the trial. The transcript of the original trial was not produced, and defense counsel was not asked about the admission of the pistol. Moreover, the record is inadequate to permit a determination whether appellant had standing to object to the search, and, if so, whether the search and seizure comported with constitutional standards.

Also, it is clear from the testimony of defense counsel that appellant spoke to him about an appeal which counsel commenced. Counsel testified that he has no knowledge why the appeal was not perfected, and neither the circuit court nor the Kentucky Court of Appeals made a finding on this point. The District Court's inference from the silent record that appellant must have abandoned the appeal is impermissible. Carnley v. Cochran, 369 U.S. 506, 516, 82 S.Ct. 884, 8 L.Ed.2d 70 (1962).

I would reverse and remand for an evidentiary hearing as required by Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

## ON PETITION FOR REHEARING

The petition for rehearing with suggestion for rehearing en banc having come on to be heard, and no judge having moved for a vote on the suggestion for rehearing en banc, and the petition having thereupon been referred to the panel which heard the appeal, upon consideration, it is Ordered that the petition be, and it hereby is, denied.

Judge McCree would grant the petition for the reasons set forth in his dissenting opinion.