**UNITED STATES of America ex rel. Jimmie WILLIFORD, Petitioner,**

v.

**Leon J. VINCENT, Superintendent, Green Haven Correctional Facility, Respondent.**

**No. 74 Civil 4754.**

United States District Court, S. D. New York.

June 16, 1975.

Jimmie Williford, pro se.

Louis J. Lefkowitz, Atty. Gen. of the State of New York, New York City, David L. Birch, Deputy Asst. Atty. Gen., of counsel, for respondent.

EDWARD WEINFELD, District Judge.

Petitioner Jimmie Williford, presently confined at Green Haven Correctional Facility, Stormville, New York, moves pursuant to Title 28, section 2254, for relief from a sentence imposed by a New York State Court following a judgment of conviction for the crime of first degree manslaughter. He was sentenced to thirty to forty years as a second felony offender on February 9, 1962, having been previously convicted of a manslaughter charge in South Carolina on June 14, 1955.

Petitioner's claim in this court is identical to the one presented to the New York courts, namely, that because his conviction of a felony in South Carolina was illegal and void in that he was not represented by counsel, therefore he could not properly be sentenced by the New York court as a second felony offender.

On June 1, 1971, Judge Vitale found after a hearing that petitioner had not established that he was without the assistance of counsel in the South Carolina proceeding. *People v. Williford,* County Court of Nassau County. The basis for this determination was the South Carolina indictment which indicated that petitioner was represented by a Mr. James Hooks, an attorney. In addition, answers to interrogatories from the Judge who presided over the South Carolina proceedings indicate that it was the Judge's unvarying practice to require that a defendant be given the assistance of counsel before a guilty plea to a charge of manslaughter would have been accepted.

The record in this court also contains a letter from Mr. James Hooks, dated March 28, 1967, indicating that he was counsel for petitioner in the 1955 South Carolina proceeding.

 Since the state court afforded petitioner a full and fair evidentiary hearing on his claim, and since the disposition by that court was amply supported by the record, which this court has carefully studied, there is no need for this court to conduct another hearing. 28 U.S.C., section 2254(d) ; Thomas v. Wingo, 469 F.2d 657, 658 (6th Cir. 1972), *cert. denied,* 411 U.S. 973, 93 S. Ct. 2165, 36 L.Ed.2d 696 (1973) ; United States *ex rel.* Johnson v. Department of Correctional Services, 461 F.2d 956, 961 (2d Cir. 1972) ; United States *ex rel.* Sabella v. Follette, 432 F.2d 572, 574–75 (2d Cir. 1970) ; United States *ex rel.* Cole v. Mancusi, 429 F.2d 61, 66 (2d Cir. 1970), *cert. denied,* 401 U.S. 957, 91 S. Ct. 982, 28 L.Ed.2d 240 (1971) ; United States *ex rel.* Fein v. Deegan, 410 F.2d 13, 17 (2d Cir.), *cert. denied,* 395 U.S. 935, 89 S.Ct. 1997, 23 L.Ed.2d 450 (1969).

 Petitioner is not entitled to relief on any claims that he was inadequately represented by counsel in the South Carolina proceedings. It does not appear that he has exhausted his state remedies as to this claim. 28 U.S.C., section 2254(b). Nor do his conclusory allegations in this regard entitle him to a hearing. *See* Tollett v. Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L. Ed.2d 235 (1973) ; McMann v. Richardson, 397 U.S. 759, 770–71, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970).

The application is denied in all respects.