UNITED STATES of America ex rel.
Francisco FRANCO, Petitioner,

v.

Vito TERNULLO, Superintendent, Matteawan State Hospital, Beacon, New York, Respondent.

No. 75 Civ. 4629.

United States District Court,
S. D. New York.

May 10, 1976.

Francisco Franco, pro se.

Louis J. Lefkowitz, Atty. Gen., State of New York, New York City, for respondent; Barbara Shore Resnicoff, Asst. Atty. Gen., New York City, of counsel.

OPINION

EDWARD WEINFELD, District Judge.

Petitioner, appearing pro se, seeks to void his state court conviction entered upon his plea of guilty, pursuant to which he is presently confined at Green Haven Correctional Facility, on the ground that he was mentally incompetent at the time of the plea and sentence. The state court decided the issue adversely to petitioner after a full evidentiary hearing and the decision was affirmed by the Appellate Division.[1] Leave to appeal to the Court of Appeals was denied, following which the present proceeding was instituted. The record establishes there is no basis upon which to upset the state's determination which was made after a full, fair and adequate evidentiary hearing.

The petitioner was indicted by a Suffolk County grand jury on July 8, 1968 on three separate charges of murder and robbery in the first degree in the slaying of three persons committed at different times on June 29 and June 30, 1968; a fourth indictment charged him with burglary, third degree, petty larceny and assault in the first degree, committed on June 16, 1968.

On July 9, 1968, pursuant to the then existing statute,[2] a psychiatric examination was ordered by a Suffolk County judge to determine whether petitioner was capable of understanding the charges and defending against them. On December 16, 1968, upon conclusion of the required examination, which consisted of interviews by psychiatrists, psychological testings, neurological examinations, an electroencephalogram, and evaluation of petitioner's social history and prior mental hospitalization, a report was filed that petitioner was incapable of understanding the charges against him. The state contested this finding and opposed its confirmation. On March 20, 1969 a hearing was conducted by a judge of the Suffolk County Court, who thereafter confirmed the report pursuant to statute,[3] and ordered that petitioner be confined at an appropriate institution until he was capable of understanding the charges against him.

1. *People v. Franco*, 357 N.Y.S.2d 1009 (Sup.Ct., 2d Dep't 1974).

2. New York Code Crim.Proc. § 658. This section was repealed and replaced by § 730.30 of the New York Criminal Procedure Law effective September 1, 1971.

3. New York Code Crim.Proc. § 662–b. This section was repealed and replaced by §§ 730.-40–730.60 of the New York Criminal Procedure Law effective September 1, 1971.

Accordingly, he was committed to Beacon State Institution. On or about January 6, 1970, upon certification of the director of that institution that petitioner was competent to stand trial, he was returned to Suffolk County for trial. During all these proceedings petitioner was represented by court-appointed counsel.

On April 14, 1970, in preparation for trial, the District Attorney, with the consent of petitioner's counsel, applied for an order, which was granted by the Suffolk County court, to determine petitioner's mental capacity as of the dates of the alleged crimes. Upon appropriate examination, petitioner was found competent as of that time and also competent to stand trial. On June 29, 1970, after conference between his counsel and the prosecution, petitioner's lawyer moved that petitioner be allowed to plead guilty to lesser charges. Following questioning of petitioner by the court as to his understanding of the charges, the motion was granted and he then pled guilty to three separate charges of manslaughter, first degree, in full satisfaction of the murder and robbery charges, as well as the burglary and related charges. On July 24, 1970 he was sentenced to three consecutive indeterminate sentences of no less than 8⅓ and no more than 25 years imprisonment.

Petitioner, represented by new counsel, filed an appeal, contending that he was not mentally competent on June 29, 1970, when he entered his plea of guilty, and on July 24, when he was sentenced. Further, it was urged on his behalf that a hearing should be conducted to determine the issue. While the appeal was pending on or about January 14, 1971, some six months after petitioner had commenced service of his sentence, he was transferred to Dannemora State Hospital as mentally ill. Thereafter, on January 24, 1972, the Appellate Division handed down a memorandum decision,[4] which stated:

> "In our opinion defendant's commitment to Dannemora State Hospital after his guilty pleas and the sentencing, combined with his prior history of episodic mental illness and institutionalization, raises a question as to his competency at the time of those proceedings and he is entitled to a hearing thereon."

The court ordered that petitioner's appeal be held in abeyance pursuant to the state's prescribed procedure,[5] which requires first a hearing as to his current competency at the place of his confinement and, if found competent, then a hearing before the court which accepted the guilty plea as to his competency at the time of its entry.

On or about June 28, 1972 petitioner was released from Dannemora State Hospital as mentally competent and returned to Clinton Correctional Facility, his original place of confinement. He was then brought to Suffolk County Court where a three-day hearing was conducted on January 29–31, 1973 before County Judge Lundberg on the issue of his mental competency at the time of plea and sentence. Petitioner was represented at that hearing by the attorney who had prosecuted his appeal to the Appellate Division.[6] Psychiatrists testified for the state and petitioner with differing opinions as to petitioner's competency. The judge who accepted the plea of guilty testified. The attorney who represented petitioner upon the entry of the plea and sentence was not called as a witness,[7] although he was available and his testimony competent and

---

4. *People v. Franco*, 38 A.D.2d 743, 329 N.Y. S.2d 400 (2d Dep't 1972).

5. *People v. Aponte*, 28 N.Y.2d 343, 350–51, 321 N.Y.S.2d 871, 270 N.E.2d 700 (1971).

6. Since this was the second step of the proceeding ordered by the Appellate Division, it could only be conducted if the first requirement had been satisfied—that is, petitioner was currently competent to participate in the proceedings. Transcript of Hearing to Determine Present Competency, Jan. 29–31, 1973, p. 3.

7. *Cf. United States ex rel. Brooks v. McMann*, 408 F.2d 823, 826 (2d Cir. 1969), *vacated on other grounds*, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970); *United States ex rel. Homchak v. People*, 323 F.2d 449, 450 (2d Cir. 1963), *cert. denied*, 376 U.S. 919, 84 S.Ct. 677, 11 L.Ed.2d 615 (1964); *United States ex rel. Burney v. Follette*, 309 F.Supp. 1380, 1381 (S.D. N.Y.1970); *United States ex rel. Brock v. La-Vallee*, 306 F.Supp. 159, 162 (S.D.N.Y.1969).

admissible[8] if petitioner waived the lawyer-client privilege.[9] The transcript of the proceedings runs more than 450 pages.

On April 30, 1973 Judge Lundberg filed a decision which reviewed in detail the evidence and he concluded that the testimony of the trial judge, coupled with the testimony of the psychiatrists, required a "finding that defendant was competent both at the time of plea and the time of sentence." The court noted that the plea had been carefully negotiated by petitioner's experienced attorney; further that there was "concrete medical and other proof that from on or about January 2, 1970 [when petitioner was certified as competent to stand trial] through January 14, 1971 [the approximate date he was transferred to Dannemora State Hospital from Clinton Correctional Facility where he was confined following the imposition of sentence] defendant well understood what was going on. His plea and sentence occurred during this interval." As already indicated, the judgment appealed from and the order of the hearing judge were affirmed by the Appellate Division.

Having read word for word and studied the hearing transcript,[10] this court finds,

upon the totality of all the evidence, that the hearing judge's factual determination is amply supported. Indeed that much appears from a reading of the cold record; and when one considers that the judge heard the witnesses, with the opportunity to observe their demeanor, particularly the medical experts whose opinions differed, there is an added reason to uphold the hearing judge's determination.[11]

The petitioner having had a full and fair hearing in the state court on the issue of his competency at the time he pled guilty and when sentenced, and since its finding of petitioner's competency is abundantly supported by the record, there is no need for another evidentiary hearing in this court.[12]

Accordingly, the petition is dismissed.

---

8. It has long been the law that "[t]he client may waive the protection of the rule [of attorney-client privilege]. The waiver may be express or implied." *Blackburn v. Crawfords,* 70 U.S. (3 Wall.) 175, 194, 18 L.Ed. 186, 194 (1865). *See, e. g., Tasby v. United States,* 504 F.2d 332, 336 (8th Cir. 1974), *cert. denied,* 419 U.S. 1125, 95 S.Ct. 811, 42 L.Ed.2d 826 (1975); *United States v. Cote,* 456 F.2d 142, 144–45 (8th Cir. 1972); *Republic Gear Co. v. Borg-Warner Corp.,* 381 F.2d 551, 556 (2d Cir. 1967); *Schwimmer v. United States,* 232 F.2d 855, 863 (8th Cir.), *cert. denied,* 352 U.S. 833, 77 S.Ct. 48, 1 L.Ed.2d 52 (1956).

9. *Connecticut Mut. Life Ins. Co. v. Lathrop,* 111 U.S. 612, 620, 4 S.Ct. 533, 536, 28 L.Ed. 536, 540 (1884); *Travelers Ins. Co. v. Childs,* 272 F.2d 855, 857 (2d Cir. 1959); *Paskvan v. Mesich,* 227 F.2d 646, 649, 16 Alaska 1 (9th Cir. 1955); *De Bruin v. De Bruin,* 90 U.S.App.D.C. 236, 195 F.2d 763, 764 (1952); *United States v. Witbeck,* 72 App.D.C. 231, 113 F.2d 185, 186–87 (1940).

10. The court has also read the 197 page transcript of the hearing conducted on March 20, 1969, when the state opposed confirmation of

the report that petitioner was incapable of understanding the charges against him.

11. *Cf. United States ex rel. Delle Rose v. LaVallee,* 468 F.2d 1288, 1290 (2d Cir. 1972); *United States ex rel. Fitzgerald v. LaVallee,* 461 F.2d 601, 604 (2d Cir. 1972).

12. 28 U.S.C. § 2254(d). *See also Townsend v. Sain,* 372 U.S. 293, 312–13, 83 S.Ct. 745, 756, 9 L.Ed.2d 770, 785 (1963); *Thomas v. Wingo,* 469 F.2d 657, 658 (6th Cir. 1973); *United States ex rel. Cole v. Mancusi,* 429 F.2d 61, 66 (2d Cir. 1970) (Friendly, J.), *cert. denied,* 401 U.S. 957, 91 S.Ct. 982, 28 L.Ed.2d 240 (1971); *United States ex rel. Sabella v. Follette,* 432 F.2d 572, 574 (2d Cir. 1970); *United States ex rel. Fein v. Deegan,* 410 F.2d 13, 17 (2d Cir.), *cert. denied,* 395 U.S. 935, 89 S.Ct. 1997, 23 L.Ed.2d 450 (1969); *United States ex rel. Lo Piccolo v. La-Vallee,* 377 F.2d 221, 222 (2d Cir. 1967); *United States ex rel. Muniz v. Follette,* 294 F.Supp. 1364, 1365 (S.D.N.Y.1969); *United States ex rel. Smith v. Follette,* 268 F.Supp. 751, 753 (S.D.N.Y.1967).